## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTHONY BRIAN MALLGREN,

       Plaintiff,

v.                                      No. 16cv1256 JCH/KBM

SANDRA KAY THOMAS,
JEFFREY BRIAN MALLGREN, and
UNITED STATES OF AMERICA,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff Anthony Brian Mallgren's: (i) Complaint, Doc. 1, filed November 17, 2016; (ii) Fee Waiver Request, Doc. 3, filed November 17, 2016; (iii) Electronic Records Cost Exemption Request, Doc. 4, filed November 17, 2016; and (iv) Electronic Filing Permission Request, Doc. 5, filed November 17, 2016.   For the reasons stated below, the Court will: (i) **DISMISS** Plaintiff's Complaint **without prejudice**; (ii) **DENY** Plaintiff's Fee Waiver Request; (iii) **DENY** Plaintiff's Electronic Records Cost Exemption Request; and (iv) **DENY** Plaintiff's Electronic Filing Permission Request.   Plaintiff shall have 21 days from entry of this Order to: (i) show cause why this case should not be dismissed for lack of jurisdiction; and (ii) either pay the $400.00 fee[1] for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.   Failure to timely show cause why this case should not be dismissed for lack of jurisdiction, or to timely pay the filing fee or show cause why this case should not be dismissed for failure to pay the filing fee, may result in dismissal of this case without prejudice.

---

[1]  The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

**Notice**

A civil party search on PACER shows that Anthony Brian Mallgren filed 98 cases in federal courts since September 2012.   "Many of these actions have been deemed frivolous or meritless."   Doc. 5 at 3 in *Mallgren v. United States*, No. 14cv1420 LAP (S.D.N.Y., November 24, 2015).   On November 17, 23 and 28, 2016, Anthony Brian Mallgren filed three more cases in this Court.   *See Mallgren v. Thomas*, No. 16cv1256 JCH/KBM; *Mallgren v. United States*, No. 16cv1285 JAP/KBM (D.N.M.); *Mallgren v. United States*, No. 16cv1295 MV/WPL.

Within the first month of this case, Plaintiff has failed to comply with Court rules. Plaintiff's Complaint does not include a short and plain statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).   Plaintiff filed a Notice appealing the Court's Order, Doc. 9, referring this case to Magistrate Judge Karen B. Molzen, but did not include the case file number and initials of the assigned Judges on the first page of the Notice, as required by the District of New Mexico's Local Rule of Civil Procedure 10.1.   Plaintiff also sent an *ex parte* email, *see* Doc. 7, to Magistrate Judge Molzen in violation of the instruction that "*pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff."   *See* Guide for Pro Se Litigants at 11.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass's*, 469 F.3d 1340, 1343 (10th Cir. 2006).   The Court has "the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."   *Id.*   "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the court in curbing the particular abusive behavior

involved, except that they cannot be so burdensome as to deny a litigant meaningful access to the Courts." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

As of June 30, 2016, the District of New Mexico has the third highest number of total filings per judgeship in the federal district court system.   This Court thus has a strong interest in managing its docket and minimizing the impact of frivolous or meritless actions on its resources.

The Court notifies Plaintiff that failure to comply with the Federal Rules of Civil Procedure, the District of New Mexico's Local Rules of Civil Procedure, and orders and other rules of the Court, may result in the imposition of filing restrictions on Plaintiff.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   ).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.   The Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," however, the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by an amount greater than the filing fee. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The Court will deny Plaintiff's Fee Waiver Request.   When Plaintiff filed his Complaint in person, Clerk's Office staff provided Plaintiff with the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," informed Plaintiff that the Court uses the completed form Application to determine whether to grant plaintiff's permission to proceed *in forma pauperis*, and instructed him to complete and file the form Application.   Plaintiff informed the staff that he would not use the form Application and is filing his own "Fee Waiver Request." Plaintiff's Financial Declaration attached to his Fee Waiver Request indicates he receives income of $2,004 per month.   Unlike the form Application which includes an affidavit stating the applicant is unable to pay the costs of the proceeding and prompts the applicant to provide

---

[2] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00.   *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees.   Brewer's monthly income exceeded his monthly expenses by $242.00.   *See* Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Department, No. 01-3055 (10th Cir. May 11, 2001).

information regarding the applicant's monthly expenses, Plaintiff's Fee Waiver Request and Financial Declaration do not indicate that Plaintiff has any expenses; nor do they include an affidavit stating that Plaintiff is unable to pay the costs of these proceedings.   It appears that Plaintiff is presently able to pay the $400.00 fee for instituting a new case because his monthly income is $2,004.00, he has not indicated that he has any expenses, and he has not submitted an affidavit stating he is unable to pay the costs of these proceedings.

Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.   Failure to timely pay the filing fee or show cause may result in dismissal of this case without prejudice.

**The Complaint**

Plaintiff alleges that Defendant Thomas "charged Plaintiff . . . with sharp object," "verbally reprimanded Plaintiff," "gifted Plaintiff . . . [an] explicit music album with Parental Advisory [and] forced Gift return," "forcefully shut close proximity stairwell door upon Plaintiff," "exhibited physical aggression towards Plaintiff," and "accused Plaintiff . . . [of] smoking." Complaint at 4-5.   The only allegations against Defendant Jeffrey Mallgren are that Defendant Jeffrey Mallgren "gained custody" of Plaintiff, and that Defendant Jeffrey Mallgren resided with Defendant Thomas.   Complaint at 4.   There are no allegations against Defendant United States of America.

The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).   As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.   *See Dutcher v.*

*Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").   The Court will dismiss the Complaint without prejudice because it lacks jurisdiction to consider Plaintiff's claims.   *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").   Plaintiff shall have 21 days from entry of this Order to show cause why this case should not be dismissed for lack of jurisdiction.   Failure to timely show cause may result in dismissal of this case without prejudice.

**Electronic Records Cost Exemption Request**

Plaintiff's Electronic Records Cost Exemption Request states, in its entirety:   "Public Access Court Electronic Records cost exemption requested, under potential perjury penalty." Doc. 4.   Plaintiff has elected to be notified of filings by the Court's Case Management/Electronic Case File (CM/ECF) system through email and, therefore, will have access to the Court's electronic records without cost.   *See* District of New Mexico's CM/ECF Administrative Procedures Manual at 10 ("Upon receipt of a Notice of Electronic Filing (NEF), the recipient will have one opportunity to review, save, and print the document without incurring any PACER fees.").   Plaintiff has not stated any reasons why he should have multiple opportunities to review a document without incurring PACER costs.   The Court will, therefore, deny Plaintiff's Electronic Records Cost Exemption Request.

**Electronic Filing Permission Request**

Plaintiff's Electronic Filing Permission Request states, in its entirety:   "Case Management/Electronic Case Filing permission requested, under potential perjury penalty." Doc. 5.   To electronically file documents, *pro se* parties must obtain permission from the presiding judge.   *See* District of New Mexico's CM/ECF Administrative Procedures Manual at 4; Guide for Pro Se Litigants at 13.   *Pro se* parties must also familiarize themselves with the District of New Mexico's Guide for Pro Se Litigants and comply with all applicable rules, including the District of New Mexico's Local Rules of Civil Procedure.   *See* District of New Mexico's CM/ECF Administrative Procedures Manual at 4.   The Court will deny Plaintiff's Electronic Filing Permission Request because Plaintiff has either not familiarized himself with the District's Guide for Pro Se Litigants, or has familiarized himself with the Guide but disregarded the instruction that "*pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff."   *See* Guide for Pro Se Litigants at 11.

**IT IS ORDERED** that:

(i)   Plaintiff's Complaint, Doc. 1, filed November 17, 2016, is **DISMISSED without prejudice.**   Plaintiff shall have 21 days from entry of this Order to show cause why this case should not be dismissed for lack of jurisdiction.

(ii) Plaintiff's Fee Waiver Request, Doc. 3, filed November 17, 2016, is **DENIED.** Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

(iii) Plaintiff's Electronic Records Cost Exemption Request, Doc. 4, filed November 17, 2016, is **DENIED.**

(iv) Plaintiff's Electronic Filing Permission Request, Doc. 5, filed November 17, 2016, is

**DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**