IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY BRIAN MALLGREN,

        Plaintiff,

v.                                                                                                No. 16cv1256 JCH/KBM

SANDRA KAY THOMAS,
JEFFREY BRIAN MALLGREN, and
UNITED STATES OF AMERICA,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff Anthony Brian Mallgren's Response, Doc. 15, filed December 12, 2016, and on his Time Extension Motion, Doc. 17, filed February 14, 2017.  For the reasons stated below, the Court will **DENY** the Time Extension Motion and **DISMISS** this case **without prejudice.**  Plaintiff shall have 14 days from entry of this Order to show cause why the Court should not impose filing restrictions.   If Plaintiff does not file a timely response to this Order to Show Cause, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time.

**Dismissal of This Case**

        On December 7, 2016, the Court dismissed Plaintiff's Complaint without prejudice stating:

> The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).   As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Doc. 14 at 5-6.  The Court granted Plaintiff 21 days to show cause why this case should not be dismissed for lack of jurisdiction.

Plaintiff filed a response which states in its entirety:

Responsive Memorandum Opinion, 7 Kislev 5777, XVIcvNM1256 #14:

1. Notice, tailored restrictions, acknowledged.
2. In forma pauperis, irrelevant.
3. Complaint, charge, inaccurate.
4. Complaint, allegation, United States, unhealthy custody incentive administration.
5. Complaint, jurisdiction, United States defendant.
6. Records, succinct references.
7. Filing, efficient intuitive system.
8. Filing, ex parte, etiquette.

Doc. 15, filed December 12, 2016.

Plaintiff has not shown cause why the Court should not dismiss this case for lack of jurisdiction. Although the Complaint lists the United States as a defendant,[1] there are no allegations against Defendant United States. *See* Mem. Op. and Order at 5, Doc. 14 (notifying Plaintiff that the Complaint contains no allegations against the United States). The Court will dismiss this case without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of

---

[1] 28 U.S.C. § 1346(a)((2) states that this Court shall have original jurisdiction over civil actions against the United States founded either upon the Constitution, or any act of Congress, or any regulation of an executive department.

2

> federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

A civil party search on PACER shows that Plaintiff filed 98 cases in federal courts since September 2012 and before filing his first case in this Court. "Many of these actions have been deemed frivolous or meritless." Doc. 5 at 3 in *Mallgren v. United States*, No. 14cv1420 LAP (S.D.N.Y., November 24, 2015). Plaintiff subsequently filed four cases in this Court on November 17, 23 and 28, and December 12, 2016. *See Mallgren v. Thomas*, No. 16cv1256 JCH/KBM (D.N.M.); *Mallgren v. United States*, No. 16cv1285 JAP/KBM (D.N.M.); *Mallgren v. United States*, No. 16cv1295 MV/WPL (D.N.M.); *Mallgren v. United States*, No. 16cv1351 LH/KBM (D.N.M.). The Court has dismissed the complaints in three of the four cases as frivolous and dismissed all four cases for lack of jurisdiction.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the

Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

    1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

    2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

    Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

    1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

    2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have

previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3.   The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**Time Extension Motion**

Plaintiff filed a Time Extension Motion which included a copy of a letter from the Office of the Clerk of the Supreme Court of the United States. *See* Doc. 17. The Time Extension Motion refers to the "United States of America Supreme Court" and the "United States Appeals Court Second Circuit 16-3306." The letter from the Office of the Clerk of the Supreme Court of the United States indicates that the Time Extension Motion is an "application for an extension of time within which to file a petition for a writ of certiorari." There is no indication in the Time Extension Motion or the letter from the Office of the Clerk of the Supreme Court of the United States that this document pertains to this case or any of the three other cases which Plaintiff has filed in this District and which are now closed. *See Mallgren v. United States*, 16cv1285 JAP/KBM; *Mallgren v. United States*, 16cv1295 MV/WPL; *Mallgren v. United States*, 16cv1351 LH/KBM. The Court will deny the Time Extension Motion.

The Time Extension Motion does not contain the case file number as required by the District of New Mexico's Local Rules. *See* D.N.M.LR-Civ. 10.1 ("The first page of each document must have the case file number and initials of the assigned judges"). Failure to include the case file number on documents may result in the document not being filed and not returned to Plaintiff.

**IT IS ORDERED** that:

(i) Plaintiff's Time Extension Motion, Doc. 17, filed February 14, 2017, is **DENIED;**

(ii) within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of

this order and will apply to any matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

    (iii)   this case is **DISMISSED without prejudice.**

                                                                         **UNITED STATES DISTRICT JUDGE**